UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RUSSELL A. DAVENPORT                CIVIL ACTION NO. 07-0976

versus                              JUDGE HICKS

SKYLINE CORP., ET AL                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Russell Davenport ("Plaintiff") filed this civil action, without the assistance of an attorney, against his former employer, Skyline Corporation, based on assertions of unlawful employment discrimination. Plaintiff also named as a defendant the Louisiana Commission on Human Rights ("LCHR"). Plaintiff alleges that he filed a charge of discrimination (against Skyline) with the LCHR, but the agency wrongfully denied the charge as untimely. Plaintiff asserts that this violated his constitutional right to due process. See Doc. 1, p. 10. It is recommended, for the reasons that follow, that the claims against the LCHR be dismissed without prejudice for lack of subject matter jurisdiction.

States and state agencies that are considered arms of the state are entitled to Eleventh Amendment immunity from Section 1983 and state-law suits filed in federal court. Richardson v. Southern University, 118 F.3d 450 (5th Cir. 1997). The Eleventh Amendment does not automatically destroy subject matter jurisdiction over such claims. Rather, it grants the state the power to assert a sovereign immunity defense should it choose to do so. It is not mandatory that a court examine the issue on its own. Wisconsin Department of Corrections v. Schacht, 118 S.Ct. 2047, 2052 (1998). But a court may elect to consider the defense *sua*

*sponte*. Ogrey v. Texas, 207 Fed. Appx. 383 (5th Cir. 2006).

This court should consider the issue now, own its own, before the LCHR is served and is required to expend taxpayer funds defending the action. By raising the issue through this Report and Recommendation, to which Plaintiff will have an opportunity to object, the procedure employed is fair and avoids any due process concerns. See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (*sua sponte* dismissal permitted as long as the procedure employed is fair) and Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in Report and Recommendation satisfied due process).

The stated purpose and intent of the LCHR, according to the Louisiana legislature, includes the execution within Louisiana of the policies embodied in several federal anti-discrimination and civil rights laws and to assure that Louisiana has its own appropriate legislation prohibiting certain forms of discrimination.  The LCHR exists within the office of the governor and consists of nine members appointed by the governor and confirmed by the senate.  It is the official state entity mandated to process charges of discrimination, investigate alleged discriminatory acts, mediate disputes and provide education and training related to discriminatory practices. See Louisiana Revised Statutes Title 51, Chapter 38 and Katherine Tonnas, The Louisiana Commission on Human Rights: Committed to Protecting Citizens from Discriminatory Practices, 51 La. B.J. 266 (2003).

The LCHR is concerned with statewide, as opposed to local, problems.  It obtains its funding from the state, as noted in the cited article.  There is no indication that any of the

other factors, listed in Black v. North Panola School District, 461 F.3d 584, 596 (5th Cir. 2006), relevant to determining whether an agency is an arm of the state weigh in favor of finding that the LCHR is not an arm of the state. As an arm of the state, the LCHR is entitled to immunity from Plaintiff's Section 1983 and state-law claims.

The appropriate disposition of Plaintiff's claims against the LCHR is to dismiss them without prejudice for lack of subject matter jurisdiction. Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996)(Eleventh Amendment dismissal must be without prejudice). See also U. S. v. Texas Tech University, 171 F.3d 279, 286 n.9 (5th Cir. 1999) (reaffirming Fifth Circuit rule that Eleventh Amendment dismissals are for lack of subject matter jurisdiction).

Accordingly;

**IT IS RECOMMENDED** that all of Plaintiff's claims against the Louisiana Commission on Human Rights be dismissed without prejudice for lack of subject matter jurisdiction.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 17th day of August, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE