UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RUSSELL A. DAVENPORT                    CIVIL ACTION NO. 07-0976

VERSUS                                  JUDGE S. MAURICE HICKS, JR

SKYLINE CORP.                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Plaintiff Russell A. Davenport filed this employment discrimination lawsuit against his former employer, Skyline Corp. The only claims currently before the Court are plaintiff's claims for federal and state race discrimination, federal retaliation, and conspiracy to discriminate. The defendant filed a Motion for Summary Judgment [Doc. No. 39] on June 20, 2008. Plaintiff timely filed an opposition, but that opposition was deemed deficient by the Clerk of Court because it did not contain a statement of material facts as required by Local Rule 56.2. Plaintiff was notified of this deficiency on July 8, 2008, and was warned that if he failed to correct the deficiency within 10 days, his opposition may be stricken by the Court. [Doc. No. 42].[1] Since plaintiff has still not corrected his deficient document, his opposition is hereby stricken, and the Motion for Summary Judgment is considered unopposed.

However, even if the Court were to accept plaintiff's deficient opposition, he still could not defeat the instant motion for summary judgment.

---

[1]Plaintiff is well aware of the consequences of failing to timely cure a deficient filing, as he has already had one deficient filing stricken. See Doc. No. 37.

## A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both

parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**B.    Law and Analysis.**

The defendant's Motion for Summary Judgment correctly cites the law applicable to all of plaintiff's claims. Plaintiff has the burden of proving each of the elements of each of his claims. The defendant's motion for summary judgment contends that plaintiff has no proof to substantiate any of the allegations made in his lawsuit. It then became incumbent upon plaintiff to go beyond his pleadings and present admissible evidence sufficient to create a genuine issue of material fact. However, plaintiff's deficient opposition

did not present any evidence whatsoever in response to the defendants' motion. Since plaintiff failed to come forward with any competent summary judgment evidence to create a genuine issue of material fact on any of the essential elements of his claims, the Court finds that summary judgment in favor of the defendant is proper as a matter of fact and law.

Therefore:

**IT IS ORDERED** that the Motion for Summary Judgment [Doc. No. 39] filed by the defendant is hereby **GRANTED**, and plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 29th day of July, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE